IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MURIEL ROBINSON and JOHNNIE ROBINSON, *individually and as next friend of their son,* D.R., | * | |
| | * | |
| Plaintiffs, | * | CASE NO. 4:14-CV-149 (CDL) |
| vs. | * | |
| TIM SMITH, CHRISTINA GRANT, and DAVID LEWIS, | * | |
| | * | |
| Defendants. | * | |
| | * | |

O R D E R

This action arises from alleged physical and sexual abuse of a student with disabilities while the student was at school. The abuse was allegedly inflicted by a teacher and by fellow students when that same teacher failed to adequately supervise her classroom.  The student's parents, Muriel and Johnnie Robinson ("the Robinsons"), filed this suit on behalf of their son, D.R., against Muscogee County School District Superintendent David Lewis in his official capacity, Blanchard Elementary School Principal Tim Smith in his individual and official capacities, and Blanchard Elementary School teacher Christina Grant in her individual and official capacities.  The Robinsons allege federal law claims pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, § 504 of the Rehabilitation Act of 1973 ("Rehabilitation

Act"), 29 U.S.C. § 794, Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, *et seq*., and Section 1983 of the Civil Rights Act of 1871 ("Section 1983"), 42 U.S.C. § 1983.  They allege state law claims for negligent failure to supervise, assault, and battery.

Some confusion has arisen because the Robinsons did not specifically name Muscogee County School District as a named defendant.  But claims against the school officials in their official capacities are deemed claims against the School District.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.").  Furthermore, since the School District received notice of the claims and has a full opportunity to respond to them, no prejudice can be shown by allowing the official capacity claims to proceed against the School District.  *See id*. at 166 ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").  To hopefully avoid future confusion, the Court construes Plaintiffs' claims against the school district officials in their official capacities as claims against

Muscogee County School District, and Plaintiffs' Complaint is deemed to be amended accordingly.[1]

Grant seeks dismissal of the Robinsons' ADA, Rehabilitation Act, and Title IX claims against her in her individual capacity.[2] She also seeks dismissal of the state law failure to supervise claim (ECF No. 33). For the reasons set forth below, the Court grants her motion as to the ADA, Rehabilitation Act, and Title IX claims against her in her individual capacity and denies her motion as to the state law failure to supervise claim.

RULE 12(b)(6) MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery

---

[1] If "Muscogee County School District" is not the correct name of the legal entity capable of being sued for the acts of its employees, counsel for Defendants shall file a motion within 7 days of today's order to correct the misnomer.
[2] Grant also sought dismissal of Plaintiffs' claims against her in her official capacity, but as explained, those claims are deemed claims against the School District, and the Court does not dismiss the claims against the School District at this time.

will reveal evidence of" the plaintiff's claims. *Id.* at 556. "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## FACTUAL ALLEGATIONS

The Robinsons allege the following facts in support of their claims. The Court must accept these allegations as true for purposes of the pending motion.

D.R. is a student who has autism, attention deficit hyperactivity disorder, and cognitive impairment. Grant was D.R.'s pre-kindergarten special education teacher. Prior to September 2012, the School District and Principal Smith received complaints from parents and coworkers concerning Grant's hostile behavior towards special education students. D.R. soon became the target of this harassment.

Grant verbally expressed her intent to harm D.R. to coworkers and said she did not want him in her class. Beginning in September 2012, Grant physically harmed D.R. on multiple occasions. She slapped and body slammed him. She pushed D.R. to the floor, shook him violently, pinned him to the floor, and yelled in his face. Additionally, Grant left D.R.'s class unsupervised in a courtyard during which time D.R.'s classmates

sexually harassed and assaulted him. Grant knew that the perpetrators of the sexual offenses had a history of sexually inappropriate behavior with other students but failed to take any steps to prevent the abuse. D.R. sustained physical, mental, and emotional injuries as a result of Grant's actions.

The Robinsons further allege that Grant discriminated against D.R., a qualified individual with a disability under the ADA, by administering programs, standard operating procedures, reporting requirements, and services for D.R. in a manner that denied him the opportunity to receive services in the most integrated setting appropriate for his needs. They argue that Grant violated Title IX by discriminating against D.R. on the basis of sex when she failed to take appropriate action to redress sex-based harassment directed at him by his classmates. They also contend that Grant's acts trigger substantive due process violations under Section 1983.

DISCUSSION

I. The ADA, Rehabilitation Act, and Title IX Claims

The Robinsons' ADA, Rehabilitation Act, and Title IX claims against Grant in her individual capacity must be dismissed. The ADA does not provide for individual liability. *See Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir. 1996) ("We hold that the Disabilities Act does not provide for individual liability, only for employer liability."). There is also no individual

liability under the Rehabilitation Act or Title IX.  *See Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (per curiam) ("[T]here is no individual capacity liability under Title II of the ADA or [Rehabilitation Act]."); *Hartley v. Parnell*, 193 F.3d 1263, 1270 (11th Cir. 1999) ("Individual school officials . . . may not be held liable under Title IX."). "[A] Title IX claim can only be brought against a grant recipient—that is, a local school district—and not an individual." *Floyd v. Waiters*, 133 F.3d 786, 789 (11th Cir. 1998), vacated on other grounds, *Floyd v. Waiters*, 525 U.S. 802, 802 (1998).

Although the Robinsons cannot recover from Grant directly under the ADA, Rehabilitation Act, or Title IX, Grant's conduct may give rise to liability for the School District under these statutes.  Any such claims against the School District under these statutes based on Grant's conduct are not dismissed at this time.

II. The Failure to Supervise Claim

Grant argues that she is entitled to official immunity under state law for the failure to supervise claim brought against her in her individual capacity.  In Georgia, "[t]he doctrine of official immunity . . . provides that while a public officer or employee may be personally liable for h[er] negligent ministerial acts, [s]he may not be held liable for h[er] discretionary acts unless such acts are willful, wanton, or

outside the scope of h[er] authority." *Gilbert v. Richardson*, 264 Ga. 744, 752, 452 S.E.2d 476, 482 (1994). "[S]chool employees are entitled to official immunity from their actions if those actions are within the scope of their employment, discretionary in nature, and without willfulness, malice, or corruption." *Wright v. Ashe*, 220 Ga. App. 91, 92, 469 S.E.2d 268, 270 (1996). "[I]n the context of official immunity, actual malice requires a deliberate intention to do wrong and denotes express malice or malice in fact." *Selvy v. Morrison*, 292 Ga. App. 702, 704, 665 S.E.2d 401, 404-05 (2008) (alteration in original).

The Robinsons contend that Grant is not entitled to official immunity because supervising her pre-kindergarten class was a ministerial act. They point to O.C.G.A. § 20-2-323 to support their argument. That law provides that "each local board of education shall establish written policies allowing or prohibiting unstructured break time for students . . . . If the policies allow one or more breaks, the policies shall include . . . [h]ow to ensure break time is a safe experience for students, including the responsibility for supervision of students[.]" O.C.G.A. § 20-2-323(3). The Robinsons rely on *McDowell v. Smith*, 285 Ga. 592, 594, 678 S.E.2d 922, 924 (2009), to support their claim that supervising students during unstructured breaks is a "simple, absolute and definite [duty],

[] requir[ing] the execution of specific tasks without any exercise of discretion." In *McDowell*, a parent filed suit against a school receptionist whose duties included checking students out of school. "School policy provided that before releasing a student, [the receptionist] was required to check the student's information card to verify that the person picking up the child was actually authorized to do so." *Id.* at 592, 678 S.E.2d at 923. The receptionist failed to follow policy and allowed a non-custodial parent to check out the child. The parent then abducted the child. The Georgia Supreme Court found the defendant's actions were ministerial because she was "required to execute specific duties as dictated by the school checkout policies." *Id.* at 593, 678 S.E.2d at 924. But O.C.G.A. § 20-2-323 does not require a teacher to execute specific duties with regard to supervising her class during breaks. And the Robinsons pointed to no other law or policy that does so.

Georgia courts have routinely held that failure to supervise is a discretionary act. In *Butler v. Doe*, 328 Ga. App. 431, 431, 762 S.E.2d 145, 145 (2014), a middle school student was sexually assaulted by another student at an after-school activity and brought suit against the teacher who supervised the activity. The Georgia Court of Appeals held that the teacher's alleged failure to supervise students who

participated in the activity was a discretionary act, not a ministerial one. "Georgia law is well established that the monitoring, supervising, and controlling the activities of students is a *discretionary* action protected by the doctrine of official immunity." *Id.* at 433, 762 S.E.2d at 147. "[T]his is true even if the allegations involve a teacher's *total failure* to supervise the students under his or her care." *Id.* The court found that even though the teacher was "responsible for monitoring and ensuring the safety of the students . . . the assessment of whether direct supervision and, if so, what degree of oversight was required to accomplish [that] necessarily involved [the teacher's] personal and professional judgment." *Id.* at 433, 762 S.E.2d at 148. Existing case law combined with the Robinsons' failure to point to any contrary authority lead to one conclusion: Grant's supervision duties were discretionary.

The Robinsons further argue that even if supervising the class was a discretionary action, Grant performed that act with actual malice and intent to harm D.R. The Robinsons allege that Grant intended to violate the law when she failed to supervise her class. To constitute actual malice in the official immunity context, the Robinsons must allege that Grant intended to cause the harm D.R. suffered while unsupervised, which was sexual abuse. *See Murphy v. Bajjani,* 282 Ga. 197, 203, 647 S.E.2d 54,

9

60 (2007) ("A deliberate intention to do wrong such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiffs."). The Robinsons allege that in September 2012 Grant verbally expressed her intent to harm D.R. They argue that Grant fulfilled that intent by leaving her class unsupervised and allowing classmates to abuse D.R. during that time. They also allege that Grant herself physically abused D.R. Although Grant does not seek dismissal of the direct abuse claim at this stage, the allegations that she physically abused D.R. are certainly relevant to whether she acted with malice when she left her classroom unsupervised, allegedly knowing that D.R. was at substantial risk of being abused. Accepting the allegations of Plaintiffs' complaint as true, the Court cannot find that it is implausible that a jury could find under the alleged circumstances that Grant acted with malice when she failed to supervise her classroom. Since a finding of malice under the facts alleged is plausible, Grant is not entitled to immunity, and her motion to dismiss the failure to supervise claim must be denied.

## CONCLUSION

Grant's partial motion to dismiss certain claims against her in her individual capacity (ECF No. 33) is granted in part and denied in part. The ADA, Rehabilitation Act, and Title IX

claims are dismissed.  The state law claim for failure to supervise is not.

Plaintiffs' Complaint is amended to the extent that the claims asserted against the school officials and employees in their official capacities are deemed to be claims against Muscogee County School District.


IT IS SO ORDERED, this 10th day of July, 2015.

                              _S/Clay D. Land
                              CLAY D. LAND
                              CHIEF U.S. DISTRICT COURT JUDGE
                              MIDDLE DISTRICT OF GEORGIA